USE OF COUNTY FUNDS TO PROVIDE WORKMAN'S COMPENSATION FOR CIVIL DEFENSE EMPLOYEES County funds may be spent to provide Workman's Compensation for Civil Defense employees under 85 O.S. 2 [85-2](b) (1961) providing for Workman's Compensation Coverage on hazardous work even though it is a mere incident to the performance of the county function. The county must purchase Workman's Compensation insurance from the State Insurance Fund or be self-insured under the provisions of 85 O.S. 149 [85-149]. The Attorney General has under consideration your letter of April 1, 1971, in which you requested the following opinion: "1. Whether County funds can be spent to provide Workman's Compensation for Civil Defense employees. "2. If the County funds can be spent to provide Workman's Compensation for Civil Defense employees, how does the County expend this money?" 85 O.S. 2 [85-2] lists those employments considered hazardous, for the purpose of providing compensation for injuries sustained by employees while engaged in those occupations. Civil Defense employment is not listed specifically as a hazardous employment under this Section. 85 O.S. 2 [85-2](b) provides in part: "All departments and institutions of this state are hereby authorized in their discretion to carry Workman's Compensation insurance on their employees engaged in work which would be `hazardous occupation' within the meaning of the Workman's Compensation Act if carried on by a private employer as a business for profit, even though, as carried on by such department or institution, such otherwise hazardous work is being performed as a mere incident to the performance of a state function which is not, in itself, a `hazardous occupation' within the meaning of the Workman's Compensation Act . . . ." (Emphasis supplied) 85 O.S. 3 [85-3](3) (1961) provides in part: "`Employer,' except when otherwise expressly stated, means a person, partnership . . . or corporation employing workmen in a hazardous employment, and shall include the state, county, city or any municipality when engaged in any hazardous work within the meaning of this Act in which workmen are employed for wages;" It is clear that the Legislature intended Workman's Compensation to cover those occupations deemed "hazardous" as defined within 85 O.S. 2 [85-2]. It is further clear that the Legislature intended the State and subdivisions of the State to afford Workman's Compensation coverage for those employees working in a "hazardous employment". Therefore, the nature of the work performed by Civil Defense employees becomes important in determining whether such work is to be deemed hazardous. According to the information received from your office, these employees aid other county officials in times of emergency brought on by tornados, floods, fires, and other disasters of like or similar consequence. Since you also indicate that this type of assistance is to be rendered before, during and after such disasters, it appears there would be little question that these employees would be subjected to hazardous duties while in the performance of their duties as Civil Defense employees. It would therefore follow that such work would fall under that portion of 85 O.S. 2 [85-2](b), hereinbefore cited, which provides that coverage should be afforded on hazardous work even if it is a mere incident to the performance of the State function, which is not in itself a "hazardous occupation" within the meaning of the Workman's Compensation Act. It is therefore the opinion of the Attorney General that Civil Defense employees are performing hazardous duties which may be covered even though the primary duty of the county is not hazardous and the occupation itself, is not specifically listed in 85 O.S. 2 [85-2] (1967). It is the opinion of the Attorney General that your first question be answered in the affirmative. Therefore, county funds may be spent to provide Workman's Compensation coverage for civil defense employees. In answering your second question, your attention is directed to the remaining portion of 85 O.S. 2 [85-2](b) (1961) which provides: ". . .Such insurance to be carried with the State Insurance Fund, and shall be paid for out of the funds of such department or institution. Such policy shall be filed with the Office of the Secretary of State as a public record." Your attention is also directed to 85 O.S. 149 [85-149] which provides: "The State and all departments thereof must insure against their liability for compensation with the State Insurance Fund, and every municipal corporation within the State, including counties, cities, towns and townships may each insure against their liability for compensation with the State Insurance Fund, and may not insure with any other insurance carrier unless the State Insurance Fund refuses to accept the risk when the application for insurance is made, but any county, city, town or township may carry its own insurance; provided, such municipality shall have an appropriation of funds to take care of such claims." According to the information received from your office, Civil Defense employees are paid by the county from matching county and federal funds. These would also be the funds that would be used for providing Workman's Compensation coverage. The county also carries Workman's Compensation on other employees of the county with the State Insurance Fund presently. It is the opinion of the Attorney General that the answer to your second question be answered as follows: Funds may be expended for Workman's Compensation payments by the same county officer who is presently handling payments for Workman's Compensation coverage on other employees of the County. It is further the opinion of the Attorney General that if the County is to obtain Workman's Compensation from any insurance carrier, it must be with the State Insurance Fund. The only other alternative for the County is to become self-insured through the designation of an appropriate amount of funds in reserve in order to satisfy possible Workman's Compensation claims. (Robert H. Mitchell)